UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZUBEARU BETTIS,

                Plaintiff,

        -against-

PUTNAM COUNTY CORRECTIONAL
FACILITY, ET AL.,

                Defendants.

21-CV-5208 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff, who is currently held in the Westchester County Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. The Court also construes the complaint as asserting claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. By order dated June 14, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] By Order dated July 1, 2021, (ECF No. 6), the Court directed service on certain Defendants and directed counsel for Putnam County to identify certain other Defendants Plaintiff had sued as John Does. Counsel complied on August 24, 2021, (ECF No. 10), and Plaintiff filed his Amended Complaint, (ECF No. 12), on September 17, 2021.

    **A. Service**

    In addition to the Defendants previously named and served (Sgt. Villani, C.O. Lotts, Sheriff Langley and Putnam County), the Amended Complaint names Sgt. Richard Bartley, C.O.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Steven Napolitano, C.O. John Cassidy, C.O. Anthony Colello, C.O. Raymond St. Auburn, cook Aaron Cioppa and cook Antonios Loukrezis. Counsel has been authorized and has agreed to accept service for Bartley, Napolitano, Cassidy, Colello and St. Auburn. (ECF No. 10.)

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Sgt. Richard Bartley, C.O. Steven Napolitano, C.O. John Cassidy, C.O. Anthony Colello, C.O. Raymond St. Auburn, cook Aaron Cioppa and cook Antonios Loukrezis through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285

form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.Local Civil Rule 33.2

### B. Local Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

### C. Claims against Bureau of Prisons/MDC

Plaintiff requests to add the United States as a Defendant, based on events that occurred after he left the Putnam County Correctional Facility ("PCCF"). It is not clear whether his intended claims relate to his placement in the Special Housing Unit and lack of medical care at the Metropolitan Detention Center in Brooklyn ("MDC") or to lack of medical care at the Metropolitan Correctional Center in Manhattan ("MCC"). Either way, claims relating to MDC or MDC are not properly joined in this action against personnel at PCCF. *See* Fed. R. Civ. P. 20(a)(2) (allowing joinder where right to relief arises out of same transaction, occurrence or series of transactions or occurrences, or question of law or fact common to all defendants will

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

3

arise). Plaintiff would have to commence a new action (in the Eastern District of New York if relating to events at MDC) to pursue claims relating to MDC or MCC.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Putnam County Correctional Facility. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) The Clerk of Court is directed to add Putnam County as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue summonses to Sgt. Richard Bartley, C.O. Steven Napolitano, C.O. John Cassidy, C.O. Anthony Colello, C.O. Raymond St. Auburn, cook Aaron Cioppa and cook Antonios Loukrezis, and complete the USM-285 forms with the addresses for, and deliver to the U.S. Marshals Service all documents necessary to effect service on, these defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: 9/20/21
White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Sgt. Richard Bartley
   c/o James A. Randazzo, Esq.
   Portale Randazzo
   245 Main Street, Suite 340
   White Plains, NY 10601

2. C.O Steven Napolitano
   c/o James A. Randazzo, Esq.
   Portale Randazzo
   245 Main Street, Suite 340
   White Plains, NY 10601

3. C.O. John Cassidy
   c/o James A. Randazzo, Esq.
   Portale Randazzo
   245 Main Street, Suite 340
   White Plains, NY 10601

4. C.O. Anthony Colello
   c/o James A. Randazzo, Esq.
   Portale Randazzo
   245 Main Street, Suite 340
   White Plains, NY 10601

5. C.O. Raymond St. Auburn
   c/o James A. Randazzo, Esq.
   Portale Randazzo
   245 Main Street, Suite 340
   White Plains, NY 10601

6. Aaron Cioppa
   Putnam County Correctional Facility
   3 County Center
   Carmel, NY 10512

7. Antonios Loukrezis
   Putnam County Correctional Facility
   3 County Center
   Carmel, NY 10512